IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID LLOYD SHORE | CRIMINAL NO. 07-66 |

MEMORANDUM OPINION

Rufe, J.                                                                                                                                     November 2, 2023

Defendant Daniel Lloyd Shore, an inmate incarcerated at USP Lewisburg, has filed a *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). Upon consideration of the parties' submissions and the available record, and for the reasons below, the Court will deny Mr. Shore's motion without prejudice and with leave to renew the motion after exhausting his administrative remedies as to newly raised claims.

**I.**    **BACKGROUND**

Mr. Shore was charged with several counts relating to two separate armed bank robberies. As part of a negotiated plea deal, on April 11, 2007, Mr. Shore pled guilty before the Hon. Thomas M. Golden to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(d), two counts of use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1]

Mr. Shore faced a guideline range of 461 to 480 months. On motion from the government, pursuant to the sentencing court's statutory authority, and for reasons sealed in the

---

[1] *See* Gov't Change of Plea Mem. 1 [Doc. No. 15]. On June 22, 2016, the case was reassigned to the Hon. Cynthia M. Rufe. Ord., June 22, 2016 [Doc. No. 27].

1

record, the sentencing court departed downward from the Sentencing Guideline range. Mr. Shore was sentenced to 100 months for each count of armed bank robbery and possession of a firearm, to run concurrently, along with consecutive 100-month sentences for each violation of § 924(c) for a total sentence of 300 months. Mr. Shore has a minimum release date of April 3, 2028.

## II. PROCEDURAL POSTURE AND STAY

In March 2021, Mr. Shore filed a *pro se* Motion for Compassionate Release, asserting that the First Step Act's amendment of § 924(c) created an "extraordinary and compelling" reason to reduce his sentence, which was now "indefensibly harsh."[2] At the time of Shore's motion, the law surrounding compassionate release and 18 U.S.C. § 924(c) was the subject of significant appellate litigation. As a result, Mr. Shore's Motion for Compassionate Release was stayed at the government's request pending *United States v. Andrews*, which directly addressed motions for compassionate release based on the First Step Act's amendment of § 924(c).[3]

On August 30, 2021, the Third Circuit decided *Andrews*.[4] On April 4, 2022, the Supreme Court denied certiorari to *Andrews*, which remains controlling law in this Circuit.[5] As the Supreme Court has denied certiorari, and as the parties have submitted supplemental briefing addressing the applicability of *Andrews* to Shore's case, the Court will lift the stay and decide Shore's Motion for Compassionate Release.

---

[2] Def.'s Mot. Compassionate Release 1 [Doc. No. 32].

[3] *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021); Ord., May 11, 2021 [Doc. No. 36].

[4] *Andrews*, 12 F.4th 255.

[5] *Andrews v. United States*, 142 S. Ct. 1446 (2022).

### III. LEGAL STANDARD

"A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35."[6] One statute that permits such modifications is 18 U.S.C. § 3582(c)(1)(A)(i), which, as amended by the First Step Act of 2018, allows "prisoners the right to file their own motions for a sentence reduction if they first exhaust the statute's procedures for initially making a request to the warden to file a motion on their behalf."[7] Once a defendant has satisfied the exhaustion requirement, the court may reduce a term of imprisonment based on a finding that "the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission';[8] and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable."[9] The defendant bears the burden of showing that relief is warranted.[10]

### IV. DISCUSSION

**A. Mr. Shore's *Pro Se* Motion, Filed March 30, 2021**

Under § 3582, as modified by the First Step Act of 2018, a prisoner may seek compassionate release either (1) "upon motion of the Director of the Bureau of Prisons;" or

---

[6] *United States v. Van Sickle*, No. 18-250, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (citing *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003)).

[7] *United States v. Hill*, No. 19-38, 2020 WL 2542725, at *1 (D. Conn. May 19, 2020) (citing *United States v. Almontes*, No. 05-58, 2020 WL 1812713, at *1 (D. Conn. April 9, 2020)).

[8] While any sentence reductions under § 3582(c)(1)(A) must be "consistent with applicable policy statements issued by the Sentencing Commission," the existing policy statement issued by the Sentencing Commission is "not applicable—and not binding—for courts considering prisoner-initiated motions." *Andrews*, 12 F.4th at 259 (3d Cir. 2021); 18 U.S.C. § 3582(c)(1)(A).

Nevertheless, District Courts may "consult[] . . . the [Sentencing Commission's] policy statement to form a working definition of 'extraordinary and compelling reasons.'" *Andrews*, 12 F.4th at 260.

[9] *Andrews*, 12 F.4th at 258 (quoting 18 U.S.C. § 3582(c)(1)(A)).

[10] *See United States v. Sellers*, No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020); *United States v. Resnick*, 451 F. Supp. 3d 262, 266 (S.D.N.Y. 2020) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992); *United States v. Clarke*, No. 09-705, 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010)).

(2) "upon motion of the defendant," after (a) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (b) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"[11] Mr. Shore asserts that he submitted an Administrative Remedy Request to the warden of his facility on January 11, 2021, and the warden denied his request on January 12, 2021, both of which occurred more than 30 days before his Motion for Compassionate Release was filed.[12] The government does not challenge Mr. Shore's § 3582 exhaustion of administrative relief on any of the issues asserted in Mr. Shore's motion. Even assuming exhaustion is satisfied as to Mr. Shore's original motion, his initial arguments do not support a grant of compassionate release.

Mr. Shore raises three arguments. First, Mr. Shore cites changes to mandatory minimum sentencing under § 924(c), and claims that they render his sentence "indefensibly harsh."[13] Mr. Shore argues that this change in mandatory minimum sentencing falls under the "other reasons" category of § 3582(c)(A)(i).[14] When Mr. Shore was sentenced, all § 924(c) counts charged in the same indictment were stacked at sentencing. In other words, the first § 924(c) count was subject to a seven-year mandatory minimum, and each additional § 924(c) count required a 25-year mandatory minimum, even when all § 924(c) offenses were prosecuted

---

[11] 18 U.S.C. § 3582(c)(1)(A).

[12] Def. Mot. Compassionate Relief 4 [Doc. No. 32]. Although Mr. Shore does not identify exactly which issues he raised in his request, he has attached the warden's response, which indicates that his petition raised concerns about COVID-19 and "challenges to the validity or appropriateness of [his] sentence." *Id*. at 10. The Court construes these "challenges" to be the sentencing issues raised in Mr. Shore's motion—that the changes to § 924(c) sentencing and subsequent sentencing disparities create an extraordinary and compelling reason to grant compassionate relief to prisoners sentenced under the previous sentencing regime.

[13] *Id*.

[14] *Id*. at 1–2.

together.[15] Because Mr. Shore was convicted of two counts under § 924(c), the advisory range was 461 to 480 months, and the sentencing court departed downward to 300 months.

In Section 403 of the First Step Act, effective on December 21, 2018, Congress amended § 924(c) to provide that the 25-year consecutive term for a successive 924(c) offense only applies if, at the time of the offense, the defendant *previously* had a final conviction under § 924(c). Therefore, if Mr. Shore had been sentenced today, the mandatory minimum sentence for the § 924(c) counts would be 14 years (a seven-year mandatory minimum for each charge), as opposed to 25 years.

Although the statute under which Mr. Shore was sentenced now provides for significantly lower sentences, the Third Circuit held in *Andrews* that "[t]he nonretroactive changes to the § 924(c) mandatory minimums . . . cannot be [an extraordinary and compelling] basis for compassionate release."[16] While *Andrews* allows the Court to consider sentencing disparities "when they weigh the § 3553(a) [sentencing] factors," sentencing disparities caused by the nonretroactive provisions of the First Step Act are not grounds for sentence reduction without a separate "extraordinary and compelling" reason to grant such relief.[17] Therefore, in light of *Andrews*, the sentencing disparities of § 924(c) alone cannot be a basis to grant Mr. Shore's compassionate release motion.

Mr. Shore raises two additional arguments in his initial motion. First, Mr. Shore argues that he is not a community danger, especially considering his extensive programming while in BOP custody.[18] Mr. Shore argues that the robberies were non-violent, use-driven crimes to

---

[15] 18 U.S.C. § 924(c)(1)(C)(i) (2006) (amended by First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22); *see also Andrews*, 12 F.4th at 257.

[16] *Andrews*, 12 F.4th at 261.

[17] *Id*. at 262.

[18] Def. Mot. Compassionate Relief 6–7 [Doc. No. 32].

support his heroin addiction, and that he has not committed any violent disciplinary infractions while incarcerated.[19]

Second, Mr. Shore argues that the § 3553(a) factors support his release. Any sentence reduction granted under §3552(c)(1)(A) must be supported by the applicable sentencing factors. The relevant § 3553(a) sentencing factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [. . . and]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.][20]

Mr. Shore asks the Court to consider his history and characteristics, in particular his commitment to self-improvement and service while incarcerated.[21] There is no dispute that Mr. Shore has shown commendable rehabilitation during his time in prison. The government acknowledges that "Shore's conduct in prison has been excellent," and that he has not incurred any disciplinary infractions in the last 15 years—a genuinely impressive achievement in the highly controlled environment of a federal prison.[22] Furthermore, Mr. Shore has completed educational and drug awareness programs, while also giving back to the community as a trained suicide companion.[23] The government agrees that "there is reason to credit his statements of

---

[19] *Id.*

[20] 18 U.S.C. § 3553(a).

[21] Def. Mot. Compassionate Relief 6–7 [Doc. No. 32].

[22] Gov't Opp'n Mot. Compassionate Release 3 [Doc. No. 35].

[23] Def. Mot. Compassionate Relief 7 [Doc. No. 32].

remorse and his declaration that he is not the same 26-year-old heroin addict who last appeared before the Court."[24] However, while rehabilitation may be considered in conjunction with other compelling factors, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."[25] Therefore, based on the initial motion alone, the Court cannot grant the motion for compassionate release at this time. Mr. Shore's newly raised arguments, as described below, cannot be considered until they are exhausted.

### B. Mr. Shore's Successive Arguments

Mr. Shore has provided this Court with supplemental briefings outlining additional reasons that this Court should grant his release. First, Mr. Shore notes that he has a degenerative joint disease and an artificial shoulder, which "make[] him more susceptible to the dangers of COVID-19."[26] He argues that compassionate release would allow him to "obtain proper medical care [and] physical therapy" and begin preparation for his eventual disability.[27] Second, Mr. Shore notes that his aging and disabled parents currently depend solely on his brother for care and transportation, and Mr. Shore's brother is also single-handedly responsible for caring for three children.[28] Mr. Shore argues that this situation presents an extraordinary and compelling reason for his release, as his "elderly parents would greatly benefit from [Shore's] release."[29]

---

[24] Gov't Opp'n Mot. Compassionate Release 3 [Doc. No. 35].

[25] 28 U.S.C. § 994(t).

[26] Def.'s Supp. Resp. 3–4 [Doc. No. 39].

[27] *Id.* at 4.

[28] *Id.*

[29] *Id.*

Lastly, Mr. Shore raises arguments in light of the United States Sentencing Commission's 2023 Amendments.[30] On April 27, 2023, the Sentencing Commission promulgated proposed amendments to U.S.S.G. § 1B1.13, the guideline policy statement addressing compassionate release motions.[31] The Amendments went into effect on November 1, 2023. The Amendments expanded the list of "extraordinary and compelling reasons" by adding—under subsection (b)(6)—an "unusually long sentence" prong, which allows a judge to consider a non-retroactive change in sentencing law as an extraordinary and compelling reason under a narrow set of circumstances. Under subsection (b)(6), such non-retroactive changes in law may be considered an extraordinary and compelling reason warranting a sentence reduction where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.[32]

Now that this new subsection has gone into effect, it may provide an avenue for relief for Mr. Shore, as he has currently served seventeen years of his sentence and the government concedes that, under the current law, he would likely have already been released.[33] However, Mr. Shore has not demonstrated that he has exhausted any of these new arguments with the BOP, and the Court cannot grant compassionate release until he does so.[34] Congress requires that

---

[30] *See* Def.'s Supp. Br. [Doc. No. 46].

[31] *See* U.S. Sent'g Guidelines Manual supp. app. C, amend. No. 814, at 200–04 (eff. Nov. 1, 2023), https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2023/APPENDIX_C_Supplement.pdf; *see also* U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines at 1–13 (Apr. 27, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf.

[32] U.S. Sent'g Guidelines Manual supp. app. C at 202.

[33] Gov't Opp'n Mot. Compassionate Release 5 [Doc. No. 35].

[34] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Rashid*, No. 20-2840, 2023 WL 1813598, at *2 (3d Cir. 2023) (agreeing that this Court correctly declined to consider claims that defendant did not exhaust); *United States v. Salley,* No. 19-688, 2023 WL 1862289, at *1 (E.D. Pa. Feb. 9, 2023) (finding that BOP

Mr. Shore "fully exhaust all administrative rights" within the BOP before pursuing a motion for compassionate release.[35] Mr. Shore has not shown that he has submitted a new request to the BOP to file a motion on his behalf specifically regarding his joint disorder, his ailing parents, and his argument under the Sentencing Commission's 2023 Amendments. Therefore, the Court will not reach a decision on the merits as to these new arguments, and he may file a new motion once he has exhausted his administrative remedies through the BOP.

V. CONCLUSION

For the reasons stated above, Mr. Shore's Motion for Compassionate Release is denied without prejudice. Once administrative remedies have been exhausted with the BOP, Mr. Shore may file a motion for compassionate release based on the new arguments he raises. An order will be entered.

---

denial of defendant's compassionate release request on his first day of incarceration could not constitute exhaustion as to later arguments); *United States v. Melendez*, No. 18-304-2, 2022 WL 3588022, at *2 (E.D. Pa. Aug. 22, 2022).

[35] 18 U.S.C. § 3582(c)(1)(A)(i).